## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Otelco Inc., <u>et al.</u>,[1] | : | Case No. 13-10593 (MFW) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | : | **Hearing Date: April 18, 2013 at 3:00 p.m. (ET)** |
| | : | **Objection Deadline: April 10, 2013 at 4:00 p.m. (ET)** |

---------------------------------------------------------x

### DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING THE DEBTORS' DEADLINE TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS AND (II) CONDITIONALLY WAIVING THE REQUIREMENT OF FILING STATEMENT OF FINANCIAL AFFAIRS AND SCHEDULES OF ASSETS AND LIABILITIES

The debtors and debtors in possession in the above-captioned cases (collectively,

the "**Debtors,**" as applicable), hereby move this Court for entry of an order, substantially in the

form attached hereto as Exhibit A (the "**Proposed Order**"), pursuant to sections 105(a) and

521(a) of title 11 of the United States Code (the "**Bankruptcy Code**"); Rules 1007(b) and

1007(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"); and Rules

1007-1(b) and 9006 of the Local Rules of Bankruptcy Practice and Procedure of the United

States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), (i) extending the time

within which the Debtors must file their Schedules of Assets and Liabilities (the "**Schedules**")

---

[1] The last four digits of the taxpayer identification numbers of the Debtors follow in parentheses: (i) Otelco Inc. (6395); (ii) Blountsville Telephone LLC (6561); (iii) Brindlee Mountain Telephone LLC (9793); (iv) Communications Design Acquisition LLC (7873); (v) CRC Communications LLC (9369); (vi) Granby Telephone LLC (3490); (vii) Hopper Telecommunications LLC (2708); (viii) I-Land Internet Services LLC (0112); (ix) Mid-Maine Telecom LLC (9925); (x) Mid-Maine Telplus LLC (0180); (xi) Otelco Mid-Missouri LLC (7122); (xii) Otelco Telecommunications LLC (6385); (xiii) Otelco Telephone LLC (6398); (xiv) Pine Tree Telephone LLC (0670); (xv) Saco River Telephone LLC (7377); (xvi) Shoreham Telephone LLC (6940); and (xvii) War Telephone LLC (9858). The Debtors' executive headquarters' address is 505 Third Avenue East, Oneonta, AL 35121.

and Statements of Financial Affairs (the "**Statements**") through and including May 23, 2013,[2]

and (ii) permanently waiving the requirement to file the Schedules and Statements upon the

Effective Date[3] of the Plan (as defined below).  In support of this motion (the "**Motion**"), the

Debtors rely upon and incorporate by reference the Declaration of Michael D. Weaver in Support

of Chapter 11 Petitions and First Day Pleadings (the "**Weaver Declaration**"), which was filed

on the Petition Date (as defined below).  In further support of the Motion, the Debtors

respectfully represent:

## BACKGROUND

1.      On March 24, 2013 (the "**Petition Date**"), Otelco Inc. ("**Otelco**") and each

of the other Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy

Code.  The Debtors are authorized to continue in the possession of their respective properties and

the management of their respective businesses as debtors in possession pursuant to sections 1107

and 1108 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural

purposes only.  As of the date hereof, no trustee, examiner or official committee has been

appointed in any of the Debtors' cases.

2.      Prior to the Petition Date, the Debtors solicited votes on the *Joint*

*Prepackaged Plan of Reorganization for Otelco Inc. and Its Affiliated Debtors* (including all

exhibits, schedules, appendices, and supplements thereto, and as amended, modified, or

supplemented from time to time, the "**Plan**"), through their disclosure statement related to the

Plan (the "**Disclosure Statement**").  Prior to the commencement of solicitation, each of the

---

[2]     The Debtors have scheduled a hearing on this Motion for the April 18, 2013 omnibus hearing.  By operation of Local Rule 9006-2, the Debtors' deadline to file the Schedules, Statements, & Reports is automatically extended until such time as the Court has had an opportunity to consider and act upon the relief requested in this Motion.

[3]     Capitalized terms used, but not otherwise defined herein, have the meaning given to them in the Plan.

2

lenders under the Debtors' prepetition first priority credit facility (the "**Consenting Lenders**")

entered into a restructuring support agreement, dated January 31, 2013 (as may be amended, the

"**Plan Support Agreement**") whereby such parties agreed to support the Plan. The Plan has

been accepted by all classes entitled to vote in excess of the statutory thresholds specified in

section 1126(c) of the Bankruptcy Code. A combined hearing on the confirmation of the Plan

and approval of the Disclosure Statement has been scheduled for May 6, 2013.

3.    The events leading up to the Petition Date and the facts and circumstances

supporting the relief requested herein are set forth in the Weaver Declaration.

## JURISDICTION

4.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C.

§§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States

District Court for the District of Delaware dated as of February 29, 2012. This is a core

proceeding under 28 U.S.C. § 157(b), and the Court may enter a final order consistent with

Article III of the United States Constitution. Venue is proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409.

5.    The statutory and legal predicates for the relief requested herein are

sections 105(a) and 521(a) of the Bankruptcy Code, Bankruptcy Rules 1007(b) and 1007(c), and

Local Rules 1007-1(b) and 9006-2.

## RELIEF REQUESTED

6.    By this Motion, the Debtors seek the entry of an order, pursuant to

sections 105(a) and 521(a) of the Bankruptcy Code, Bankruptcy Rules 1007(b) and 1007(c), and

Local Rules 1007-1(b) and 9006-2, (i) extending the time within which the Debtors must file

3

01:13487754.1

Schedules and Statements through and including May 23, 2013, and (ii) permanently waiving the requirement to file the Schedules and Statements upon the Effective Date of the Plan.

## BASIS FOR RELIEF REQUESTED

7.    Section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(b) both require a debtor to file its schedules of assets and liabilities and its statement of financial affairs with the court. Bankruptcy Rule 1007(c) requires that a debtor file its schedules of assets and liabilities and statement of financial affairs within fourteen days of filing its chapter 11 petition.

8.    Local Rule 1007-1(b) provides:

> In a voluntary chapter 11 case, if the bankruptcy petition is accompanied by a list of all of the debtor's creditors and their addresses, in accordance with Local Rule 1007-2, and if the total number of creditors in the debtor's case (or, in the case of jointly administered cases, the debtors' cases) exceeds 200, the time within which the debtor shall file its Schedules and Statement of Financial Affairs required under the Fed. R. Bankr. P. shall be extended to thirty (30) days from the petition date. Any further extension shall be granted, for cause, only upon filing of a motion by the debtor on notice in accordance with these Local Rules.

Del. Bankr. L.R. 1007-1(b).

9.    In accordance with Local Rule 1007-2, along with their chapter 11 petitions, the Debtors filed a list of creditors. The Debtors estimate that the total combined number of creditors is more than 10,000, which number includes employees, vendors, customers and counterparties to executory contracts and unexpired leases. Additionally, there are over 13,000 holders of the Debtors' income deposit securities. Accordingly, pursuant to Local Rule 1007-1(b) and as stated above, the Debtors' initial deadline to file the Schedules and Statements is thirty days from the Petition Date, April 23, 2013 (the "**Initial Deadline**").

10.    The Debtors submit that cause exists to extend the Debtors' time to file the Schedules and Statements. Given the size and complexity of the Debtors' businesses, a

4

significant amount of information must be accumulated, reviewed, and analyzed to properly

prepare the Schedules and Statements.  The Debtors and their professionals have been consumed

with a multitude of critical administrative and operational decisions arising in conjunction with

the commencement of these chapter 11 cases, including negotiating and preparing the Plan and

Disclosure Statement, soliciting votes on the Plan, and preparing for the Debtors' entry into

chapter 11.

11.     Further, as noted in the Weaver Declaration, the Debtors operate eleven

rural local exchange carriers and two competitive local exchange carriers.  Due to the large

geographic area the Debtors' serve and the complexity of the Debtors' businesses, compiling and

consolidating the data required for the Schedules and Statements presents a complex and time

consuming task.  Thus, it will be difficult to complete this undertaking prior to the expiration of

the Initial Deadline.

12.     The request for an extension of the Initial Deadline is also particularly

appropriate in a prepackaged case.  In general, a debtor is required to file the Schedules and

Statements in order to permit parties-in-interest to understand and assess the debtors' assets and

liabilities and thereafter negotiate and confirm a plan of reorganization.  In these cases, the

Debtors have already negotiated and solicited the Plan, which provides that general unsecured

creditors of the Debtors are unimpaired, and thus the Debtors do not anticipate setting a bar date

for proofs of claim or engaging in the typical claims objection process in which Schedules and

Statements play a more active part.  Accordingly, one of the primary justifications for requiring

the filing of Schedules and Statements does not exist in these cases.

13.     As a hearing to approve the Disclosure Statement and approve the Plan is

scheduled for May 6, 2013, an extension of the Initial Deadline for an additional 30 days,

5

through and including May 23, 2013 is appropriate in that the extension will both extend the

deadline for the Debtors to file of Schedules and Statements past the likely confirmation of the

Plan, which will likely render the Schedules and Statements moot, and provide sufficient time for

the Debtors to file the Schedules and Statements in the event that they are required in these cases.

       14.     Given the brief extension the Debtors hereby request, the likelihood that a

hearing to confirm the Plan will take place in short order, and the Debtors good faith intention to

file the Schedules and Statements as soon possible if required, the Debtors request that the

deadline within which they must file the Schedules and Statements be extended through and

including May 23, 2013, without prejudice to the Debtors' right to seek further extensions if

necessary. Further, if the Plan is confirmed prior to May 23, 2013 (or any further extended

deadline to file Schedules and Statements) the Debtors hereby request that the requirement to file

Schedules and Statements be waived in its entirety. Accordingly, the Debtors submit that their

request for a 30-day extension of time in which to file the Schedules and Statements, and

conditional waiver, is warranted under the circumstances.

       15.     Courts in this district have found cause to extend the deadline for filing

Schedules and Statements in chapter 11 cases involving businesses with the number of creditors

implicated in these cases. See, e.g., In re Bicent Holdings LLC, Case No. 12-11304 (KG)

(Bankr. D. Del. June 8, 2012) (granting 30 day extension from the deadline imposed by Local

Rule 1007-1(b)); In re Jackson Hewitt Tax Service, Inc., Case No. 11-11587 (MFW) (Bankr. D.

Del. June 30, 2011) (same); In re Anchor Blue Holding Corp., Case No. 11-10110 (PJW) (Bankr.

D. Del. Feb. 4, 2011) (same); In re Trade Secret, Inc., Case No. 10-12153 (KG) (Bankr. D. Del.

Aug. 30, 2010) (same); In re Smurfit-Stone Container Corp., Case No. 09-10235 (BLS) (Bankr.

D. Del. Jan. 27, 2009) (same); In re Buffets Holdings, Inc., Case No. 08-10141 (MFW) (Bankr.

6

D. Del. Mar. 11, 2008) (granting 45 day extension). Further, courts in this district have recognized that filing Schedules and Statements in prepackaged chapter 11 bankruptcy cases often is unnecessary and have ordered relief similar to that requested herein, including granting of permanent waivers of the requirement of filing Schedules and Statements. See, e.g., In re Homer City Funding, Case No. 12-13024 (KG) (Bankr. D. Del. November 7, 2012); CHL, Ltd., No. 12-12437 (KJC) (Bankr. D. Del. Aug., 31, 2012); In re Affiliated Media, Inc., No. 10-10202 (KJC) (Bankr. D. Del. Jan. 26, 2010); In re Key Plastics L.L.C., Case No. 08-13324 (MFW) (Bankr. D. Del. January 6, 2009); In re Lazy Days' R.V. Center, Inc., Case No. 09-13911 (KG) (Bankr. D. Del. December 8, 2009); In re NTK Holdings, Inc., Case No. 09-13611 (KJC) (Bankr. D. Del. November 19, 2009); In re Samsonite Company Stores, LLC, Case No. 09-13102 (PJW) (Bankr. D. Del. October 14, 2009);

16.     Based on the foregoing, the Debtors submit the relief requested is necessary and appropriate, is in the best interests of their estates and creditors and should be granted in all respects.

## NOTICE

17.     Notice of this Motion will be given to: (a) the U.S. Trustee; (b) counsel to the administrative agent under the Debtors' prepetition senior secured credit agreement; (c) counsel to Wells Fargo Bank, National Association, indenture trustee for the Subordinated Notes; (d) the Debtors' thirty (30) largest unsecured creditors on a consolidated basis; and (e) parties who have filed a request for service in accordance with Bankruptcy Rule 2002. The Debtors submit that, under the circumstances, no other or further notice is required.

18.     No previous application for the relief sought herein has been made to this or any other court.

7

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief for the Debtors as may be just and proper.

Dated:  March 27, 2013          YOUNG CONAWAY STARGATT & TAYLOR, LLP
        Wilmington, Delaware

                                */s/ Maris J. Kandestin*
                                Robert S. Brady (No. 2847)
                                Edmon L. Morton (No. 3856)
                                Maris J. Kandestin (No. 5294)
                                Rodney Square
                                1000 North King Street
                                Wilmington, Delaware 19801
                                Telephone:  (302) 571-6600
                                Facsimile:  (302) 571-1253

                                        -and-

                                WILLKIE FARR & GALLAGHER LLP
                                Rachel C. Strickland
                                Jennifer J. Hardy
                                Jack M. Tracy II
                                787 Seventh Avenue
                                New York, New York 10019
                                Telephone:  (212) 728-8000
                                Facsimile:  (212) 728-8111

                                *Proposed Co-Counsel to the Debtors and
                                Debtors in Possession*

8

01:13487754.1